UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA LAHAIE,

               **Plaintiff,**               **CIVIL ACTION NO. 13-CV-10250**

    **vs.**

                                  **DISTRICT JUDGE NANCY G. EDMUNDS**

JODI DEANGELO,                    **MAGISTRATE JUDGE MONA K. MAJZOUB**

               **Defendant.**
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** This Court recommends that Defendant Jodi DeAngelo's motion for summary judgment (docket no. 11) be **GRANTED** and Plaintiff's complaint be dismissed.

**II.**    **REPORT:**

       This matter comes before the Court on the motion for summary judgment filed by Defendant Jodi DeAngelo. (Docket no. 11). Plaintiff filed a response to the motion. (Docket nos. 12, 13). All pretrial matters have been referred to the undersigned for decision. (Docket no. 9). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.**    **Facts**

       Plaintiff, an inmate at the Huron Valley Correctional Facility in Ypsilanti, Michigan, initiated this *pro se* civil rights action on January 18, 2013 pursuant to 42 U.S.C. § 1983. (Docket no. 1). The complaint alleges that the Security Classification Committee failed to interview Plaintiff on August 23, 2012 after Deputy Warden Jodi DeAngelo instructed the Committee not to release

Plaintiff from administrative segregation because she wanted to meet personally with Plaintiff.

Plaintiff alleges that this procedure violated MDOC policy directive 04.05.120 BBB, which requires

the Security Classification Committee to conduct a personal interview with a prisoner classified to

administrative segregation. She seeks compensation in the amount of $5,950 for the time she was

held in segregation from August 23, 2012, the date the interview allegedly should have occurred,

through October 18, 2012, the date she was released from segregation.

In response to Defendant's motion, Plaintiff submitted a copy of MDOC policy directive

04.05.120. (Docket no. 12). The relevant policy language states as follows:

> Housing unit team members and SCC shall regularly review the behavioral
> adjustment of each prisoner classified to administrative segregation, including
> prisoners classified to administrative who are serving a detention sanction for
> misconduct. The reviews shall be conducted at least weekly, at intervals of no more
> than seven calendar days, during the first two months in segregation and at least
> every 30 calendar days thereafter until the prisoner is reclassified to general
> population status. SCC reviews shall include a personal interview with the prisoner;
> at least one interview each month shall be conducted out-of-cell unless the prisoner
> chooses not to participate in the review. If the prisoner chooses not to participate,
> the highest ranking SCC member shall personally visit the prisoner to encourage
> his/her participation.

MDOC Policy Directive 04.05.120 BBB.

In support of her motion, Defendant submitted a Class I Misconduct Hearing Report showing

that Plaintiff was given a thirty day detention sanction after pleading guilty to assault and battery

of another prisoner. (Docket no. 11, ex. A). The assault and battery occurred on June 3, 2012.

Following the assault Plaintiff was placed in temporary segregation pending a misconduct hearing.

The misconduct hearing was held on June 6, 2012. Plaintiff plead guilty and was given thirty days

detention. Her detention period began on June 6, 2012 and was scheduled to end on July 6, 2012.

On August 24, 2012 Plaintiff filed a grievance complaining that she was continued on administrative

2

segregation on August 23, 2012 without a meeting.  (Docket no. 11, ex. C).  Defendant states in an affidavit that she made a decision to classify Plaintiff to administrative segregation status until such time as Plaintiff was able to demonstrate a period of good behavior.  (Docket no. 11, ex. B).  The affidavit further states that Plaintiff was reviewed by the Security Classification Committee in accordance with MDOC policy directive 04.05.120.  Step I and II responses to Plaintiff's grievance state that it was the intention of the Security Classification Committee to see Plaintiff on the date in question but due to unforeseen circumstances they were unable to do so.  (Docket no. 12).  The grievance responses state that this was an inadvertent oversight and not the result of any policy change by the prison.  On October 18, 2012 Plaintiff was released to the general population.  (Docket no. 11, ex. B).

**B.    Standard**

Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(a).  Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party has the burden of showing an absence of evidence to support the non-moving party's case.  *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000).  Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial.  *Id.*  A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C.    Analysis**

3

Plaintiff seeks compensatory damages for the time she spent in segregation from August 23, 2012 through October 18, 2012. In order to establish a claim under 42 U.S.C. § 1983, a plaintiff must allege that a right secured by the Constitution or a federal law has been violated, and that the violation was caused by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Plaintiff's complaint does not identify what federal constitutional or statutory right has been violated. In liberally construing the *pro se* complaint, the undersigned has considered whether Plaintiff has alleged or offered proof pertaining to any claim under the Fourteenth Amendment Due Process Clause. The Due Process Clause states in pertinent part that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1.

"In order to determine whether segregation of an inmate from the general prison population involves the deprivation of a state-created liberty interest protected by the due process clause, courts are to determine if the segregation imposes an 'atypical and significant' hardship on the inmate 'in relation to the ordinary incidents of prison life.' " *Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998) (citing *Sandin v. Conner*, 515 U.S. 472, 483 (1995)). The Sixth Circuit has repeatedly held that confinement to administrative segregation does not present an atypical and significant hardship implicating a protected liberty interest. *Id.* at 812–23 (two and one-half years in administrative segregation did not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life for due process purposes); *Rimmer–Bey v. Brown,* 62 F.3d 789, 790–91 (6th Cir. 1995) (thirty days in segregation was not an atypical and significant hardship). Similarly, the Sixth Circuit has found that the mandatory language of prison regulations concerning administrative segregation does not create a liberty interest for procedural due process purposes. *Siddiq v. Edlund*, 8 Fed. Appx. 522, 524 (6th Cir. 2001) (citing *Sandin v. Connor*, 515 U.S. 472, 484-85 (1995)). *See*

4

*also Rimmer-Bey v. Brown*, 62 F.3d at 790.

Plaintiff has not alleged facts or provided evidence to show that her continued segregation between August 23, 2012 and October 18, 2012 was atypical and significant. Consequently, Plaintiff's confinement in administrative segregation does not give rise to a liberty interest. Because Plaintiff's confinement to administrative segregation does not give rise to a liberty interest, Defendant's failure to conduct a personal interview to review Plaintiff's status also does not give rise to a due process violation. *Siddiq v. Edlund*, 8 Fed. Appx. at 524. *See also Thomas v. Swift*, No. 10-152, 2010 WL 4553656 (W.D. Mich. Nov. 3, 2010) (inmate's claim that he should have received a hearing on his administrative segregation status failed to state a claim under the Due Process Clause of the Fourteenth Amendment).

The substantive component of the Due Process Clause also does not provide any basis for relief for Plaintiff. Substantive due process prevents "governmental power from being 'used for purposes of oppression,' regardless of the fairness of the procedures used." *Ware v. Curley*, 934 F.Supp. 259, 264 (E.D. Mich. 1996) (citing *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). "A plaintiff asserting a substantive due process claim faces a virtually insurmountable uphill struggle. [She] must show that the government conduct in question was so reprehensible as to 'shock the conscience' of the court." *Rimmer–Bey,* 62 F.3d at 791 n. 4 (citations omitted). The undersigned suggests that Plaintiff has not demonstrated that her substantive due process rights were violated.

Finally, Plaintiff states that she has not brought a claim of retaliation against Defendant. (Docket no. 12). Thus, the undersigned will not address Defendant's arguments pertaining to a retaliation claim.

**D.      Conclusion**

For the reasons stated above, Defendant's motion for summary judgment should be granted and Plaintiff's complaint be dismissed.

### III.   **NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: November 15, 2013          s/ Mona K. Majzuob
                                                  MONA K. MAJZOUB
                                                  UNITED STATES MAGISTRATE JUDGE

6

**<u>PROOF OF SERVICE</u>**

  I hereby certify that a copy of this Report and Recommendation was served upon Melissa LaHaie and Counsel of Record on this date.

Dated: November 15, 2013   <u>s/ Lisa C. Bartlett  </u>
             Case Manager

7